# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11-cv-174-RLV
# (5:040-cr-10-RLV)

| | |
|---|---|
| TOBY OXENDINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER and NOTICE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docs. 7 and 1, respectively).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se of his obligation to respond to Respondent's Motion. Petitioner is advised that Respondent contends that (1) his Section 2255 petition is untimely under Section 2255(f)(1) in that it was filed more than one year after his judgment became final; and (2) Petitioner knowingly and voluntarily waived his right to file a collateral attack of this sentence. (Doc. No. 7). Should Petitioner choose to file a response, he should be prepared to address these contentions.

Petitioner must show that he has alleged sufficient allegations to support a cause of action which is recognized by law. Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). In the context of a Section 2255 proceeding, the factual allegations must be sufficient to

1

allow the Court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in Rule 1 of the Rules Governing Section 2255 Proceedings. 28 U.S.C.A. foll. § 2255. In considering Petitioner's Motion to Vacate, the Court "'need not accept [his] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179–80 (4th Cir. 2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006)).

Petitioner is also advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Motion to Vacate as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic." Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n.1 (4th Cir. 2006). Petitioner is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's motion to dismiss, such action may result in the conversion of the motion to dismiss to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d).

2

Case 5:11-cv-00174-RLV   Document 8   Filed 04/11/12   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that:

1. Within thirty (30) days from service of this Order, Petitioner should file his response to Respondent's Motion to Dismiss. <u>Petitioner's failure to respond may result in the Court's granting Respondent's Motion, that is, in the dismissal of the Motion to Vacate with Prejudice</u>.

2. The Clerk of Court is directed to send copies of this Order and Notice to the parties.

Signed: April 11, 2012

Richard L. Voorhees
United States District Judge